## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

Superior Court Division
Civil Action No:

| | |
|---|---|
| JOHN F. BOWLEN,<br>PERSONAL REPRESENTATIVE OF<br>THE ESTATE OF WILLIAM EDWARD BOWLEN<br><br>    Plaintiff,<br><br>v.<br><br>CARE ONE, LLC,<br>HEALTHBRIDGE MANAGEMENT, LLC,<br>d/b/a WEYMOUTH HEALTH CARE CENTER,<br>JANE ROE NURSES AND JOHN DOE PHYSICIANS<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Parties

1.    The Plaintiff John F. Bowlen, Personal Representative of the Estate of William

Edward Bowlen (hereinafter "Bowlen"), is a Massachusetts resident with a residence at 53 Taber

St., Quincy, Massachusetts 02169.

2.    The Defendant Care One, LLC (hereinafter "Care One") is a foreign corporation

dealing in senior care management, registered to do business in Massachusetts, with its principal

office located at 173 Bridge Plaza North, Fort Lee, New Jersey 07024.

3.    At all times hereinafter mentioned, Defendant Care One, LLC owned and

operated the premises known as Weymouth Health Care Center (hereinafter "Weymouth")

located at 64 Performance Drive, Weymouth, Massachusetts 02189.

1

4.     The Defendant Healthbridge Management, LLC, (hereinafter "Healthbridge") is a foreign corporation dealing in management, registered to do business in Massachusetts, with its principal office located at 173 Bridge Plaza North, Fort Lee, New Jersey 07024.

5.     At all times hereinafter mentioned, Defendant Healthbridge Management, LLC leased, maintained, operated, managed and/or controlled the premises, and certain equipment and facilities known as Weymouth Health Care Center (hereinafter "Weymouth"), located at 64 Performance Drive, Weymouth, Massachusetts 02189.

6.     The Defendant John Doe Physicians, were physicians licensed to practice medicine or provide health care services in the Commonwealth of Massachusetts, and were persons employed by, or under contract with, Healthbridge Management, LLC at Weymouth Health Care Center, with a business address of 64 Performance Drive, Weymouth, Massachusetts.  Physicians' identities are not presently known by Plaintiff and are thus fictitiously designated.

7.     The Defendant Jane Roe Nurses, were licensed to provide health care services in the Commonwealth of Massachusetts, and were employed by, or under contract with, Healthbridge Management, LLC at Weymouth Health Care Center, with a business address of 64 Performance Drive, Weymouth, Massachusetts. Nurses' identities are not presently known by Plaintiff and are thus fictitiously designated.

## Nature of the Action

8.     This is a claim for negligence under Massachusetts common law and wrongful death under Mass. Gen. Laws, ch. 229.

2

## Jurisdiction and Venue

9.      This Court has subject matter jurisdiction over this action pursuant to Mass. Gen. Laws. ch. 212, § 3 in that the case is a civil action for money damages and there is no reasonable likelihood that recovery by the Plaintiff will be less than or equal to Twenty-Five Thousand and 00/100s ($25,000.00) Dollars.

10.     This Court has personal jurisdiction over Defendant Weymouth because Defendant Weymouth maintained its principal place of business in Massachusetts at the time of the conduct at issue and committed the tortious acts at issue in Massachusetts.

11.     This Court has personal jurisdiction over Defendant Care One because Defendant Care One regularly conducted business in Massachusetts at the time of the conduct at issue and committed the tortious acts at issue in Massachusetts.

12.     This Court has personal jurisdiction over Defendant Healthbridge because Defendant Healthbridge regularly conducted business in Massachusetts at the time of the conduct at issue and committed the tortious acts at issue in Massachusetts.

13.     This Court has personal jurisdiction over Defendants John Doe Physicians and Jane Roe Nurses because they resided in Massachusetts at the time of the conduct at issue and committed the tortious acts at issue in Massachusetts.

14.     This Court is the proper venue for this action pursuant to Mass. Gen. Laws. ch. 223, § 1 in that all conduct at issue and tortious acts committed by Defendants occurred in Weymouth, Massachusetts, which is located in Norfolk County; additionally, the Defendant Weymouth has a principal place of business in Norfolk County.

3

### Allegations Common to All Claims

15. Defendant Weymouth conducted business as a nursing home. Defendant Care One and Healthbridge conducted business as management companies in the health care industry.

16. Defendants held themselves out as having the expertise necessary to maintain the health and safety of persons unable to care adequately for themselves, and as specialists in the treatment and management of conditions at a more intensive level than most skilled nursing companies.

17. Mr. Bowlen was under the exclusive care, custody, control, treatment and management of Defendants during his admission at Weymouth.

18. William Bowlen, now deceased, entered Weymouth Health Care Center at or about 1:15 p.m. on February 8, 2012 because his family could no longer care for him at home.

19. From his admission at or about 1:15 p.m. on February 8, 2012 through approximately 10:30 p.m. on February 8, 2012, Mr. Bowlen received continuous and ongoing nursing care and medical treatment from the Defendants.

20. At the time of his admission to Weymouth, Mr. Bowlen was suffering from terminal lung cancer.

21. At the time of his admission to Weymouth, it was noted in Mr. Bowlen's Plan of Care that he preferred to stay up sitting in a chair with head support due to increased anxiety, shortness of breath and pain when lying supine.

22. Nursing notes on February 8, 2012 at 3:15 p.m. indicated that Mr. Bowlen was sitting up in a Geri-chair with his forehead on a padded table; and that, per family, this is his "best/preferred position."

4

23.   The nursing notes at 3:15 p.m. also indicate that Mr. Bowlen was transferred with a Hoyer lift; and, that all attempts at position changes in bed resulted in increased shortness of breath, pain and distress.

20.   From 3:15 p.m. to 5:00 p.m. on February 8, 2012, Mr. Bowlen was noted to be sitting comfortably in a Geri-chair.

21.   At 6:00 p.m. Mr. Bowlen was transferred from the Geri-chair to bed for incontinence care.

22.   Between 6:00 p.m. and 10:00 p.m., Mr. Bowlen remained in bed. He was noted to be comfortable.

23.   At 10:15 p.m. Mr. Bowlen's sister called Weymouth for an update on Mr. Bowlen's status and upon being informed that he was comfortable in bed, asked to have him transferred to the Geri-chair for the night as that was the position used at home for his comfort.

24.   At 10:20 p.m. Mr. Bowlen's was found in his room not breathing.

25.   At 10:30 p.m. Mr. Bowlen was pronounced dead.

## Count I

### (Common Law Negligence)
### Alleged Against All Defendants

26.   The Plaintiff re-alleges and incorporates paragraphs 1-25 of the Declaration.

27.   Defendants owed a duty to patients of its facilities, including Mr. Bowlen, to provide medical care and treatment in accordance with the applicable standards of care.

28.   The Defendants exercising control over the management and care of Mr. Bowlen failed to comply with the reasonable care-provider standard.

5

29.     The Defendants, their agents, officers, servants, employees, and assigns failed, refused, and/or neglected to perform their duty to provide reasonable and adequate healthcare to Mr. Bowlen, who was unable to attend to his own health and safety.

30.     The Defendants, their agents, officers, servants, employees, and assigns knew or should have known of the dangers of putting Mr. Bowlen in a supine position given the Plan of Care prepared at the time of his admission; the failed attempt to transfer Mr. Bowlen to bed on the afternoon of his admission; and his family's instructions.

31.     The Defendants failed to assess, prevent and treat Mr. Bowlen competently while he was under their care.

32.     As a direct and proximate result of the Defendants' negligence, including their failure to properly assess and treat Mr. Bowlen, he sustained and suffered significant damages, including but not limited to conscious suffering and death.

**The Plaintiff requests a jury trial on all issues so triable.**

### Count II
### (Wrongful Death)
### Alleged Against All Defendants

33.     The Plaintiff re-alleges and incorporates paragraphs 1-32 of the Complaint.

34.     As a direct and proximate result of Defendants' aforesaid conduct, Mr. Bowlen sustained serious injuries, resulting in death, and suffered great mental and physical pain as a consequence of the injuries he sustained when the Defendants failed to, *inter alia*, maintain Mr. Bowlen in a sitting position in a Geri-chair, and properly monitor and assess his condition upon transfer to bed.

6

35.    Mass. Gen. Laws. Ch. 229 permits administrators of estates, such as Plaintiff in this case, to sue for the wrongful death of the decedent.   Mass. Gen. Laws. Ch. 229 permits the administrator to recover damages suffered by the decedent, including, but not limited to:

> (1) the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered; (2) the reasonable funeral and burial expenses of the decedent; (3) punitive damages in an amount of not less than five thousand dollars in such case as the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or by the gross negligence of the defendant....

36.    Defendants' aforesaid conduct wrongfully caused Mr. Bowlen's death.

37.    But for the injuries he sustained that caused his premature death, Mr. Bowlen was expected to live beyond February 8, 2012.

38.    As a direct and proximate result of Mr. Bowlen's wrongful death caused by Defendants, the Plaintiff, Personal Representative of the Estate of William Edward Bowlen, incurred funeral and other reasonable expenses caused by the fatal injuries suffered by Mr. Bowlen.

39.    Defendants' aforesaid conduct wrongfully caused Mr. Bowlen's loss of enjoyment of life for the remainder of his expected life, separate and distinct from economic loss and conscious pain and suffering.

40.    Mr. Bowlen lost a compensable enjoyment of life due to the direct and proximate result of Defendants' aforesaid negligent conduct.

41.    Based on the foregoing facts, Defendants are liable to Plaintiff for substantial and considerable damages.

**The Plaintiff requests a jury trial on all issues so triable.**

7

## Count III
### (Gross Negligence)
### Alleged Against All Defendants

42.   The Plaintiff re-alleges and incorporates paragraphs 1-41 of the Complaint.

43.   The Defendants owed a duty of reasonable care of the average, competent healthcare provider to patients of their facilities.

44.   The Defendants, as providers of healthcare to patients, demonstrated great negligence and failed to use any diligence as to the duty of care owed to Mr. Bowlen.

45.   The Defendants knew or should have known that their failure, and the failure of their agents, servants, employees and assigns, to maintain Mr. Bowlen in a sitting position in a Geri-chair despite a previous failed attempt to transfer him to bed without incident, and instructions from his family that the best position for Mr. Bowlen was seated, was unreasonable, careless and grossly negligent.

46.   The Defendants, their agents, servants, employees and assigns breached their duty of care by failing to properly position Mr. Bowlen to prevent anxiety, shortness of breath, and respiratory distress; by failing to properly assess Mr. Bowlen's condition; and to provide competent healthcare to Mr. Bowlen.

47.   As a direct, proximate and foreseeable cause of the Defendants' breach of duty of care, Mr. Bowlen sustained serious injuries, and suffered conscious pain which culminated in his premature death.

48.   Mr. Bowlen's death was due to and proximately caused and contributed to by the carelessness, recklessness, gross negligence and willful misconduct of the Defendants, its agents, servants and employees, and without any negligence on the part of the Plaintiff or the Plaintiff's decedent contributing thereto.

8

The Plaintiff requests a jury trial on all issues so triable.

### Count IV
### (Negligent Infliction of Emotional Distress)
### Alleged Against All Defendants

49.     The Plaintiff re-alleges and incorporates paragraphs 1-48 of the Complaint.

50.     As a direct and proximate result of Defendants' aforesaid negligent conduct, Mr. Bowlen suffered serious mental and emotional harm, manifested by an exacerbation of his physical symptoms.

51.     Defendants knew or reasonably should have known that their negligent conduct, and other conduct that fell below applicable standards of care would foreseeably cause Mr. Bowlen serious mental and emotional harm.

52.     Based on the foregoing facts, Defendants are liable to the Plaintiff for substantial and considerable damages.

The Plaintiff requests a jury trial on all issues so triable.

### Damages

53.     The Plaintiff re-alleges and incorporates paragraphs 1-52 of the Complaint.

54.     As a direct and proximate result of Defendant's aforesaid conduct, Mr. Bowlen sustained serious injuries, suffered great pain and death as a consequence of the injuries he sustained when the Defendants failed to, *inter alia*, properly maintain Mr. Bowlen in a sitting position in a Geri-chair; follow the Plan of Care prepared for Mr. Bowlen upon his admission to Weymouth and follow the family's advice and instruction that the best position for Mr. Bowlen was seated.

55.     Based on the foregoing facts, Defendants are liable to the Plaintiff for substantial and considerable damages within the jurisdictional limits of this Court.

9

**WHEREFORE,** the Plaintiff, John F. Bowlen, prays that this Honorable Court:

A.   Grant the Plaintiff's Complaint;

B.   Issue judgment against the Defendants for Plaintiff's damages, including

interest and attorney's fees and costs incurred within the jurisdictional limits of this

Court; and

C.   Issue such other Orders as justice requires.

RESPECTFULLY SUBMITTED,

For the Plaintiff John F. Bowlen,
Personal Representative of
the Estate of William Edward Bowlen,
By his attorneys,
SHAINES & MCEACHERN, P.A.

January 29, 2015

Daniel C. Federico, Esq.
BBO # 645717
282 Corporate Drive. Unit 2
Portsmouth, N.H. 03802
(603) 436-3110
dfederico@shaines.com

10